UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:16CR00110-MPM-RP

ANGELA ROY

### MOTION *IN* LIMINE TO ADMIT EVIDENCE AT TRIAL PURSUANT TO RULE 404 (b) OF OTHER CRIMES, WRONGS OR ACTS

COMES NOW the United States of America, in accordance with Rule 404(b) of the Federal Rules of Evidence, and moves the court to admit evidence at trial of other acts, wrongs or crimes committed by the defendant that tend to establish essential disputed elements of the charged offense in the instant prosecution. In support of this motion, the United States would show to the court the following:

ANGELA ROY is charged in a two count indictment with aiding and abetting an Assault with Intent to Rob a Postal Employee, in violation of Title 18, United States Code, Section 2114 (a), and Using and Discharging a Firearm During a Crime of Violence, in violation of Title 18, United States Code, Section 924 (c). These charges stem from events that occurred in Randolph, Mississippi on September 23, 2016, during which a Postmaster was robbed and shot at the post office.

### FACTS

On September 23, 2016, Virginia Duff, the Postmaster Relief at the Randolph Post Office received a phone call from a female caller at approximately 10:28 am asking why the Post Office was not open. Duff informed the caller that the Post Office opened at 10:30. Duff opened the Post Office at 10:30 and minutes later a man, subsequently identified as THOMAS SCOTT, entered the post office and said he needed to rent a P.O. Box. Duff turned to the left to look at

the post office boxes and asked the man what size he wanted to rent. When she turned back to look at him, he was pointing a gun at her and began shooting.

When Scott fired the first shot, Duff threw her arms in the air and tried to duck. One of the rounds struck the inside of Duff's arm. She began crawling on all fours behind the counter of the post office at which time Scott reached over the counter and fired additional rounds. Duff managed to reach a side door and fled the building. As she ran from the post office, Duff noticed a woman in the parking lot with a bandana over her face standing near a gold Pontiac G6. Duff ran to a nearby house and asked for help, was turned away, and ultimately fled to a convenience store to call police.

Duff provided police with a physical description of the male shooter, the female wearing a bandana, and the car she had seen in the parking lot. Investigators found that the phone number that called the post office immediately before the robbery was associated on Facebook with Thomas Scott at a South Alabama address. Further, a sketch of the robber completed from Duff's description by a police sketch artist bore a remarkable resemblance to Scott. After investigators identified Scott as the suspect in the shooting, they identified a woman by the name of ANGELA ROY as an associate who shared the same address as Scott. Further investigation revealed that ROY had once listed an address in Randolph, Mississippi, and that she had recently traded her car for a Gold Pontiac G6.

The victim in the instant case, Virginia Duff, picked Thomas Scott from a six picture photographic line-up, identifying him as the person who robbed and shot her. Investigators found that the only thing missing from the post office was Duff's purse which contained her credit cards, house keys and car keys. They recovered multiple shell casings and spent projectiles at the post office.

Thomas Scott and ANGELA ROY were found and arrested together in Lockport, Louisiana on September 27, 2016, at an apartment complex. The renter of the apartment reported that he knew Scott from a previous stint in custody and that Scott had called and said they needed a place to crash for a few hours before they headed to Texas.

During the investigation, Michael Brazell, a resident of Foley, Alabama and former boyfriend of ANGELA ROY, was interviewed. Brazell advised that ROY had approached him several months earlier and asked him to help her rob the Randolph post office. He advised that he and ROY actually drove to North Mississippi from South Alabama and cased the Randolph Post Office. Brazell advised that ROY wanted to stay in the car while he committed the robbery of the post office. He further stated that ROY told him they would need to kill the Postmaster because the postmaster knew them.

ROY's co-defendant, Thomas Scott, pled guilty to the indictment on August 10, 2017. The United States expects that Scott will testify that ROY asked him to help her rob the Randolph post office and told him they would have to kill the postal clerk. The two traveled in ROY's gold Pontiac G6 from Alabama to Mississippi, and on September 22, 2016, they went to a Walmart in Amory, Mississippi where ROY purchased a number of items for herself and Scott using checks stolen from a vehicle in Pontotoc.

The burglarized vehicle belonged to Sylvia Massey, whose car was burglarized between the hours of 4:15 and 5:45 pm on September 22, 2016, while it was parked outside a Pontotoc fitness center. A number of items were missing from the car, including Massey's purse, a gym bag, clothing and jewelry. Days later, Massey was notified that an individual had used her checks that were stolen with her purse in an Amory Walmart. Store surveillance video from the Walmart in Amory, Mississippi shows a female identified by Thomas Scott as ANGELA ROY,

~3~

purchasing items in two different transactions at the store between 8 and 9pm on the night of September 22, 2016. Sylvia Massey has viewed that store surveillance video, and identified clothing worn by ANGELA ROY as clothing that was stolen from her vehicle on September 22, 2016.

## CONTROLLING AUTHORITIES

Federal Rule of Evidence 404 (b) permits the use of evidence of prior crimes, wrongs or acts to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. F.R.E. 404 (b); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S. Ct. 1244, 59 L.Ed.2d 472 (1979). The decision of a district court to admit such evidence will not be disturbed absent a clear showing of abuse of discretion. *U.S. v. Guerrero*, 169 F.3d 933, 943 (5th Cir. 1999); *United States v. McCarty*, 36 F.3d 1349, 1353 (5th Cir. 1994); *United States v. Maggitt*, 784 F.2d 590, 597 (5th Cir. 1986).

The admissibility of evidence under Rule 404 (b) is governed by a two-prong test: 1) the evidence must be relevant to an issue other than the defendant's character; and 2) the probative value of the evidence must not be substantially outweighed by undue prejudice. *Beechum*, 582 F.2d at 911, *Guerrero*, 169 F.3d at 943.

The Government is not required to show that the defendant was convicted as a result of prior bad acts, and there is no requirement that the prior conduct even result in an indictment or formal charge. *United States v. Gonzalez-Lira*, 936 F.2d 184, 189 (5th Cir. 1991); *United States v. Kelley*, 981 F2d 1464, 1472 (5th Cir. 1993). Rather, the trial judge must simply determine whether there is some evidence for a jury to find that the defendant committed the prior bad act. *Gonzalez-Lira*, 936 F.2d at 189-190; *Beechum*, 582 F.2d at 913. As the *Beechum* court stated:

> The judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense, nor need he require the Government to come

>forward with clear and convincing proof. The standard for admissibility of extrinsic evidence is that of rule 104 (b): "the preliminary fact can be decided by the judge against the proponent only where the jury could not reasonably find the preliminary fact to exist."

*Id.* (citations omitted).

### EVIDENCE OF PRIOR ACTS COMMITTED BY THE DEFENDANT HELP TO PROVE IDENTITY, PLANNING, INTENT AND OPPORTUNITY IN THE INSTANT CASE

In the instant prosecution, the key issue in dispute is whether the defendant, ANGELA ROY, was present in Randolph, Mississippi and whether she is the individual who aided and abetted Thomas Scott to assault and rob the Randolph Postmaster. Identity is a key element that the United States must prove.

The United States would seek to introduce at trial testimony from Sylvia Massey regarding the burglary of her vehicle on September 22, 2016, including her description of items stolen. The United States would also seek to have Massey view the Walmart surveillance video and testify about those items she recognizes as having been stolen from her car and that were worn by the female shopper, identified as ROY, on September 22, 2016. Massey would also identify certain jewelry recovered from ROY's vehicle at the time of ROY's arrest on September 27, 2016, as jewelry that was stolen from Massey's vehicle on September 22, 2016. In addition, the United States would seek to introduce testimony from Thomas Scott, who would identify ROY as the female shopper in Walmart and would testify that he was with ROY when she burglarized the vehicle the day before the robbery and used the stolen items to make purchases for the two of them at Walmart before the Randolph robbery. The United States submits that because Scott and ROY are both from Mobile, Alabama, all of this testimony would be particularly probative in the identification of the female who was standing outside the Randolph Post Office by a Gold Pontiac G6 at the time of the robbery, and corroborates Thomas Scott's

assertion that the female with him during the robbery was ANGELA ROY. Such evidence is also highly probative of ROY's presence, planning and opportunity to aid in the post office robbery that occurred in nearby Randolph, Mississippi on the morning of September 23, 2016, and is not outweighed by any risk of unfair prejudice.

The United States would also seek to introduce testimony from Michael Brazell that ANGELA ROY previously attempted to recruit him to rob the Randolph Post Office with her while she waited in the car. This testimony would also be extremely probative of ROY's identity as the female standing beside the car during the robbery of the Randolph Post Office on September 23, 2016, and would be probative of her planning and intent to rob the post office. It also tends to prove a necessary element of the 924 (c) charge, that ANGELA ROY knew that a firearm would be used in the robbery.

The United States submits that in each instance the evidence described above is actually intrinsic to the instant offense. ROY's attempt to recruit another individual to rob the Randolph post office several months earlier are simply a part of her planning and conspiring with others to commit the instant offense. Likewise her possession of items stolen from a vehicle in North Mississippi on the evening before the Randolph Post Office robbery, and her use of stolen checks during the burglary to purchase needed items at Walmart, were part of the events immediately prior to and leading up to the robbery and thus may be considered intrinsic to the instant crime. However, if the Court does not agree that these are intrinsic to the instant offense, they should be admissible during the United States case in chief to show identity, intent, planning, and opportunity.

The Fifth Circuit has recognized that evidence of prior bad acts can be probative and admissible under Rule 404(b) to establish identity. In one such case, a defendant was charged

with cashing forged checks, and the court admitted evidence of seven other uncharged instances in which forged checks had been presented as well as testimony concerning forged checks that were found in the defendant's apartment. *United States v. Maestas*, 546 F.2d 1177, 1178-1180 (5th Cir. 1977). Although there was no direct evidence that any of the uncharged checks were cashed by the defendant, there were remarkable similarities: All of the checks were counterfeit, all were made payable to women, all were cashed in split deposit transactions, all were transported in interstate commerce, all were identical except for the amount, all except one were cashed in Denver, Colorado, and the defendant was linked to five of them by fingerprint evidence or deposit slips. *Maestas*, 546 F.2d at 1178. The defendant challenged the trial court's admission of such evidence on appeal, arguing that they consisted of proof of character in wholly separate and independent crimes in violation of Rule 404 (b). *Id.* At 1180.

In upholding the District Court's decision to admit the evidence of prior transactions, the Fifth Circuit noted that a primary issue in the trial and essential element that the government had to prove was the identity of the person who presented the charged checks for payment. *Id.* at 1181. The court noted that the government's direct evidence concerning identity in the instant prosecution had been challenged and as a result, the evidence of other acts that tended to link the defendant to the crime was properly admitted. Stated the court:

> The prosecution. . . was entitled to produce any other evidence it had that would tend to establish the identity of the defendant as the person who had presented the checks. This is especially so, considering that in cross examination defendant's counsel had tried to cast doubt on the teller's identification of defendant and the testimony of the fingerprint expert. One way to fortify the testimony identifying the defendant as the person who presented the checks would be to show, through other testimony, the evidence which was objected to. Such evidence would give rise to a permissible inference that she was probably the person who passed the checks. This would be circumstantial evidence which at least had enough probative value to warrant its admission as proof of identity. . . . **All facts affording any reasonable inference as to the identity of a person charged with having committed a crime are properly admitted when they tend to establish**

> **guilt. Any reasonable inference drawn therefrom which might tend to discredit the defendant's character was only incidental and is no valid ground for excluding such testimony.** In addition, the evidence objected to also tended to show opportunity, preparation, and a common plan or scheme. The totality of the evidence clearly connected the defendant to the offenses for which she was on trial.

*Maestas*, 546 F.2d at 1181 (emphasis added).

Much as in the *Maestas* case, the prior acts that the Government seeks to introduce in the instant prosecution are probative to an essential element of this case. As in the *Maestas* case, they help to prove contested elements of the prosecution, primarily identity, but also planning, opportunity and knowledge that a firearm would be used. ROY's presence hours from her home in Mobile at a North Mississippi Walmart on September 22, 2016, just 14 hours before the Randolph Post Office robbery, while wearing clothes and using checks that were stolen a few hours earlier from a vehicle in Pontotoc, help to establish and corroborate her identity as Scott's accomplice. Likewise, the fact that distinctive jewelry recovered from ROY's vehicle during her arrest has been positively identified by the Pontotoc burglary victim as the jewelry stolen from her vehicle, also tend to establish ROY's identity as Scott's accomplice.

In another Fifth Circuit case, the Court upheld a district court's decision to allow 404(b) evidence concerning residential burglaries and the theft of firearms from those residences for the purpose of proving planning and preparation in the prosecution of a defendant charged with two counts of armed bank robbery and using a firearm during a crime of violence. In *United States v. McCarty*, 36 F.3d 1349, (5th 1994), a defendant challenged on appeal the district court's decision to admit 404(b) evidence of two separate residential burglaries that corroborated testimony from one of McCarty's cellmates that McCarty confessed to the crime and admitted having stolen the guns he used in the bank robberies during those residential burglaries. The district court allowed testimony from the homeowners regarding the firearms stolen from their

~8~

respective residences, one of which was consistent with a firearm described as having been used in one of the bank robberies. The jury also heard testimony from McCarty's cellmate that McCarty admitted having rented and stolen a Lincoln car that he used in one of the robberies. Using that information, officers located the stolen Lincoln and found items used in the bank robberies, including two of the same type guns the cellmate said McCarty had admitted stealing, a wig and fake beard, as well as clothing worn by the robber during the bank robberies. A key fitting that Lincoln was also found in McCarty's vehicle.

In finding that the district court did not abuse its discretion in admitting any of the challenged 404(b) evidence, the Court first noted its review of the decision to admit 404(b) evidence was governed by the two-pronged test set forth in *Beechum*. Again, that test requires only that the court "verify (1) that the evidence of extraneous conduct is relevant to an issue other than the defendant's character, and (2) that it is not substantially outweighed by its undue prejudice." *McCarty*, 36 F.3d at 1353. The Court further noted that to determine relevance under the first prong, it was required to address the threshold question of whether the government offered sufficient proof demonstrating that the defendant committed the alleged extrinsic offense.

The court ultimately found that the district court did not abuse its discretion in admitting the 404(b) evidence as proof of planning and preparation for the armed robberies and to corroborate the testimony of McCarty's cellmate concerning McCarty's confession. In affirming the district court's decision, the Fifth Circuit noted that "we cannot say that the prejudicial effect of this evidence substantially outweighs its probative value on issues unrelated to McCarty's character."

Testimony from ANGELA ROY's former boyfriend, Michael Brazell, that ROY

recruited him to rob the Randolph Post Office and kill the clerk is extremely probative of her intent, planning, preparation and identity as the female accomplice with Scott. Again, the United States submits that such evidence is not an extrinsic act, but is intrinsic to the instant offense as it constituted part of ROY's planning to commit this offense. However, if this court disagrees, we respectfully submit that it is no way **unfairly** prejudicial to the defendant.

For all the reasons set forth above, the United States respectfully urges this court to admit testimony from Michael Brazell concerning ANGELA ROY's planning, preparation and intent to commit the charged offenses. Likewise, the United States asks the court to admit evidence of items stolen during the Pontotoc burglary of Sylvia Massey's car and subsequently found in ROY's vehicle to establish and corroborate ANGELA ROY's identity as Thomas Scott's female accomplice.

## CONCLUSION

In the instant case, the key issue and contested element will be ANGELA ROY's identity as the female standing beside the Gold Pontiac G6 at the time of the robbery at the Randolph, Mississippi post office and her knowledge that a firearm would be used in the robbery. Consequently, evidence of other acts that tend to establish her presence, identity, and knowledge are essential. The United States requests permission to introduce evidence of prior acts by this defendant that show her presence, planning, knowledge, opportunity and identity as the individual who aided and abetted Thomas Scott to rob the post office and shoot the Postmaster. Based on the foregoing, the United States submits that the prior acts of conduct detailed above should be admitted in the instant case, not as evidence concerning character of the accused, but because they are relevant for admissible reasons under Rule 404(b). The United States respectfully requests that this honorable court enter a ruling regarding the admissibility of such

evidence prior to the start of trial.

          Respectfully submitted,

          ROBERT H. NORMAN
          Acting United States Attorney

          */s/Susan S. Bradley*
          SUSAN S. BRADLEY
          Assistant United States Attorney
          MS Bar No. 102629; TN BAR NO. 018557
          900 Jefferson Avenue
          Oxford, MS    38655
          Phone: (662) 234-3351
          Fax: (662) 234-0657

## CERTIFICATE OF SERVICE

I, Susan S. Bradley, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties of record.

This the 1st day of September, 2017.

                                              /s/Susan S. Bradley
                                              SUSAN S. BRADLEY
                                              Assistant United States Attorney