**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                    **CRIMINAL NO. 3:16-CR-110-MPM-RP**

**ANGELA ROY**

<u>**MEMORANUM OPINIONAND ORDER**</u>

This cause comes before the court on the motion in limine [58] of the Government in support of the use of prior bad act evidence under Federal Rule of Evidence 404(b).

The defendant, Angela Roy, is charged with aiding and abetting an Assault with Intent to Rob a Postal Employee under 18 U.S.C. 2114(a) and Using and Discharging a Firearm during a Crime of Violence under 18 U.S.C. 924(c). The Government alleges that Roy was involved in an incident in Randolph, Mississippi, on September 23, 2016, during which a Postmaster was robbed and shot while working at the Randolph Post Office.

The Government seeks to introduce the testimony of three separate individuals against Roy as evidence of prior acts or wrongs. First, the Government seeks to introduce the testimony of Thomas Scott, Roy's co-defendant in the alleged crimes. Second, the Government seeks to introduce the testimony of Sylvia Massey, an individual whose car Scott and Roy allegedly burglarized. Finally, the Government seeks to introduce the testimony of Michael Brazell, whom the Government identifies as a former boyfriend of Roy.

**Standard**

Federal Rule of Evidence 404(b) states that evidence of crimes, wrongs, or other acts "is not admissible to prove a person's character," but that it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). In order for prior crimes or wrongs to be admissible, the prosecutor must (1) provide reasonable notice of the general nature of any such evidence that will be utilized at trial, and (2) the notice must be made before trial. Fed. R. Evid. 404(b)(2).

In *United States v. Beechum*, the Fifth Circuit laid out the test to determine if evidence is admissible under this standard. 582 F.2d 898, 911 (5th Cir. 1978). Under *Beechum,* a court must determine: (1) if the evidence is "relevant to an issue other than the defendant's character;" and, (2) that the probative value of the evidence is not substantially outweighed by its undue prejudicial effect. *Id*.

### Discussion

Under Rule 404(b), the Government (1) must provide reasonable notice of the general nature of any such evidence that the prosecution intends to offer at trial, and (2) must provide notice to the Defendant of its intent to use the evidence prior to trial. Fed. R. Evid. 404(b)(2). In the present cause, the Government provided notice to the Defendant of the general nature of the testimony regarding prior crimes and wrongs by filing the instant motion in limine prior to trial. As such, the Government has met the standard outlined in Rule 404 on providing notice to the Defendant.

Applying *Beechum*, the Government must also prove that the testimony of each of the three individuals in question is relevant to some issue other than just the Defendant's character, and that the evidence has more probative value than prejudicial effect.

#### a) Thomas Scott

The Government asserts that the testimony of Thomas Scott will be used to identify Roy as the female with him during the Randolph Post Office incident, the burglary of Sylvia Massey's

car, and in the Walmart surveillance footage. His testimony, while assuredly prejudicial against the Defendant Roy, is extremely probative with respect to the identification of Roy at the scene of the incident at question. With respect to the testimony of Scott, the probative value outweighs the prejudicial effect. The Court grants the testimony of Scott as admissible under Rule 404(b) to establish the identification and opportunity of Roy, but not for character evidence.

**b) Sylvia Massey**

Defendant Roy and Thomas Scott purportedly burglarized Sylvia Massey's car on September 22, 2016— only one day prior to the incident at the Randolph Post Office. Among the items allegedly stolen from the car are Massey's clothing and checks, both of which prove important to identifying Roy. Massey's testimony, according to the Government, will be used primarily to identify certain jewelry and other items stolen from her car, some of which appear in the Walmart surveillance footage. This testimony holds much more probative value than prejudicial effect regarding the instant cause, as Massey's testimony is needed to establish the items of hers stolen from her car. The testimony is admissible under Rule 404(b).

**c) Michael Brazell**

Michael Brazell is the purported former boyfriend of Angela Roy. The Government represents that Brazell will testify regarding previous conversations between Roy and himself, where Roy allegedly attempted to recruit Brazell to rob the Randolph Post Office before the September 23, 2016 incident. Brazell alleges that he and Roy actually drove to Randolph to case the Post Office. The Government asserts that Brazell's testimony against Roy is probative in establishing Roy's intent to rob the Randolph Post Office, as well as the planning Roy may have done prior to September 23, 2016. While this testimony is probative regarding Roy's intent, the prejudicial effect of the testimony outweighs its probative value.

3

Incorporating the reasons above, the Court finds the Government's motion is well-taken regarding Thomas Scott and Sylvia Massey, and their testimonies are admissible at trial as evidence of the Defendant's prior bad acts or wrongs. However, the Court finds that the testimony of Michael Brazell is unduly prejudicial, and should not be offered by the prosecution as evidence at trial.

Accordingly, it is hereby, ORDERED that the Motion in Limine [58] is partially GRANTED. The testimonies of Sylvia Massey and Thomas Scott are admissible as evidence of prior bad acts. However, the testimony of Michael Brazell is unduly prejudicial, and is not admissible by the prosecution as evidence of prior bad acts.

SO ORDERED, this the 19th day of October, 2017.

**MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NOTHERN DISTRICT OF MISSISSIPPI**