IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA            PLAINTIFF

Vs.            Cause Number 3:16CR110-M-P

ANGELA ROY            DEFENDANT

**DEFENDANT'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S AMENDED MOTION IN LIMINE**

      COMES NOW the defendant, by and through the undersigned counsel, and files with this Honorable Court this her Response in Opposition to the Government's Amended Motion in Limine [65]. In support thereof, the defendant would show unto this Court as follows:

**Procedural History**

1.       The government filed a Motion in Limine [58] seeking admission of evidence of alleged prior bad acts of the defendant pursuant to Federal Rule of Evidence 404(b). A portion of that evidence was to the be testimony of Michael Brazell. This Court issued a Memorandum Opinion and Order [64] granting a portion of the government's motion, but denying the motion as it related to Mr. Brazell. The government then filed it's Amended Motion in Limine [65] seeking admission of the same testimony under Rule 403 instead.

**Argument**

2.       While the government's Amended Motion in Limine [65] seeks admission of Mr. Brazzell's testimony under a different rule, it seeks the admission of the testimony under the same rationale, intent. Rule 404(b) allows admission of such testimony to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The government acknowledges in it's Amended Motion in Limine [65] that it seeks the admission of Mr. Brazzell's

testimony "...as intrinsic evidence of this defendant's intent to commit the crime..."

3. Furthermore, whether the evidence is offered under Rule 404(b) or under Rule 403, the analysis is the same. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of... *unfair prejudice*... Fed. R. Evid. 403.

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: ***unfair prejudice***, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
>
> Fed. R. Evid. 403.

Regarding Mr. Brazzell's expected testimony, this Court has already ruled on the matter. In it's Memorandum Opinion and Order [65] this Court ruled, "While this testimony is probative regarding Roy's intent, the prejudicial effect of the testimony outweighs its probative value."

4. In an attempt to salvage Mr. Brazzell's testimony, the government insists that it will instruct Mr. Brazzell not to mention Roy's alleged insistence that he murder the person inside the Post Office. The Court discusses Mr. Brazzell's testimony on page 3 of it's Memorandum Opinion and Order [65]. Nowhere in the section on Mr. Brazzell does the Court mention, or make note of the alleged instructions to murder anyone. As such, that threat does not appear to have been calculated into the Court's decision.

**Conclusion**

5. This Court should, therefore, deny the government's Amended Motion in Limine [64].

Respectfully submitted, this the 20th day of October, 2017.

**/s/ Robert W. Davis, Jr.**
Robert W. Davis, Jr.
Attorney for the Defendant
Mississippi Bar No. 10411

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**          **PLAINTIFF**

**Vs.**          **Cause Number 3:16CR110-M-P**

**ANGELA ROY**          **DEFENDANT**

### CERTIFICATE OF SERVICE

The undersigned, Robert W. Davis, Jr., hereby certifies that he has filed the above and foregoing Defendant's Response in Opposition to the Government's Amended Motion in Limine [65] with this Court via the ECF system thereby causing a copy of the same to be served upon the following:

    Robert Norman, Esquire
    Acting United States Atttorney

    Paul Roberts, Esquire
    Assistant United States Attorney

This, the 20th day of November 2017.

                                             **/s/ Robert W. Davis, Jr.**
                                             Robert W. Davis, Jr.
                                             Attorney for the Defendant, Angela Roy