IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                    NO: 3:16-CR-110

ANGELA ROY

### ORDER

This matter is before the Court is Defendant Angela Roy's ("Roy") *Second Motion for Reconsideration* [163]. This is Ms. Roy's second motion for reconsideration of an order the Court issued in September 2020 denying Ms. Roy's request for compassionate release under the CARES Act in the wake of the Covid-19 pandemic. [143]. Having reviewed the submissions, along with relevant authorities, the Court finds that Ms. Roy's second motion for reconsideration fails for the same fundamental reasons as the first and **DENIES** the motion.

### Background

A detailed description of the factual background of Ms. Roy's conviction and sentencing appears in the Court's orders denying her original motion for compassionate release and denying her motion for reconsideration. [143, 151]. The Court will not recite all the details again. In brief, in October 2017, a jury found Defendant Roy guilty of assault of a postal employee with intent to commit robbery[1] and aiding and abetting[2] ("Count One"), and guilty of discharging a firearm during and relating to a crime of violence ("Count Two").[3] Ms. Roy's total offense level was twenty-six, with a criminal history category of VI. Based on Ms. Roy's criminal history, her guideline range for Count One was 120–150 months imprisonment. The guideline sentence for

---

[1] 18 U.S.C. §§ 2114(A), 2.
[2] *Id.* § 2.
[3] *Id.* § 924(C).

1

Count Two was 120 months, to be served consecutively.[4] The Court ultimately imposed a sentence of 150 months as to Count One and 120 months as to Count Two, to be served consecutively, for a total of 270 months imprisonment. The Court also ordered Ms. Roy to pay $6,980.05 in restitution. Ms. Roy has an estimated release date of December 1, 2035.

In the wake of the COVID-19 pandemic, Roy submitted two requests for compassionate release to the warden of the Carswell Federal Medical Center. The warden denied the first request on April 13, 2020 and denied the second request on May 15, 2020.

On May 2, 2020, Roy filed a motion for sentence reduction in this Court citing the COVID-19 pandemic and arguing that the §924(c) minimum mandatory sentence does not preclude her from a sentence reduction. She premised her request for compassionate release on a panoply of health issues: asthma; hypothyroidism; loss of function, mobility, and strength in her right arm; impingement syndrome and AC joint arthritis in her left shoulder; multilevel cervical spine degeneration; left knee degeneration; and problems with her right leg. Ms. Roy asserted that her health issues collectively made her more susceptible to a severe case of COVID-19. At the time she filed the motion, Ms. Roy was thirty-nine years old, detained at a low security facility, and had incurred no disciplinary infractions.

The Court carefully considered Ms. Roy's motion and supporting documentation and the applicable law. The Court ruled that compassionate release under the CARES Act was not warranted. [143]. Ms. Roy filed a motion for reconsideration of the Court's order. [149]. Based on all matters of record and the applicable law, the Court denied her motion for reconsideration. [151]. In doing so, the Court noted that Ms. Roy was attempting to use the motion to fill in gaps the Court had highlighted in denying her motion for compassionate release. [151, PageID 1748]. The Court

---

[4] USSG§ 2K2.4(b).

pointed out that Ms. Roy also used her motion for reconsideration to recapitulate arguments the Court had already considered and rejected. The Court emphasized that Ms. Roy's "attempt to downplay her role in the crime she was convicted of and her criminal history is neither convincing nor an appropriate use of a motion for reconsideration." [*Id.*] The Court reiterated its finding that Ms. Roy "would present a danger to public safety if released." [*Id.*]

Undeterred, Ms. Roy has filed a second motion for reconsideration, which is now before the Court. In her second motion for reconsideration, Ms. Roy states that her health has deteriorated and that she has debilitating medical conditions. She describes having gained knowledge and perspective, and she states that she would like to help people in need develop skills for success. [163, PageID.1803]. Ms. Roy does not mention the COVID-19 pandemic in her motion.

### Legal Standards and Discussion

A petition for reconsideration of a district court order "is nowhere explicitly authorized in the Federal Rules of Criminal Procedure." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). But courts have recognized that "it is undoubtedly a legitimate procedural device." *Id.* Indeed, the "Supreme Court has repeatedly expressly sanctioned the use of motions for reconsideration in criminal proceedings." *Id.*

When reviewing a motion for reconsideration in a criminal case, courts generally apply the standards of Rule 59(e) of the Federal Rules of Civil Procedure. *United States v. Presley*, No. 5:12cr2, 2013 WL 1980388, at *2 (S.D. Miss. May 13, 2013). There are only three circumstances that warrant granting a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *United States v. Lopez*, 817 F. Supp. 2d 918, 932–33 (S.D. Miss. 2011)).

3

> The high burden imposed on parties seeking reconsideration has been established to discourage litigants from making repetitive arguments on issues that have already been considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters. Petitioners may neither repeat arguments already briefed, considered, and decided, nor advance new facts, issues, or arguments that could have been presented.

*Id.* (quoting *United States v. Olis*, Nos. 7-3295 & 3-217, 2008 WL 5046342, at *31 (S.D. Tex. Nov. 21, 2008)).

Ms. Roy's second motion for reconsideration fares no better than the first. Ms. Roy does not claim that there has been a change in the controlling law. To the extent Ms. Roy describes a deterioration in her health, this does not amount to new, previously unavailable evidence that changes the fundamental analysis in the Court's September 2020 order denying relief under the CARES Act. Similarly, Ms. Roy's contention that she has gained valuable knowledge and perspective and would like to help others may be admirable but does not affect the core analysis. Ms. Roy disagrees with the Court's decision but does not claim that there are clear errors in this Court's September 2020 order. Nor does Ms. Roy claim that she faces a manifest injustice. Her second motion for reconsideration fails to establish any sound basis for relief.

## Conclusion

For these reasons, the Court concludes that Ms. Roy is not entitled to the relief she seeks in her second motion for reconsideration. Accordingly, it is hereby **ORDERED** that Angela Roy's *Second Motion for Reconsideration* [163] is **DENIED**.

**SO ORDERED**, this the 27th day of September, 2022.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

4